Allen E. Ford, Appellee, v. George Y. Perkins et al., Appellants.

1. BROKERS AND FACTORS—*when real estate agent entitled to commissions.* The fact that the broker is engaged to carry on negotiations for exchange with a particular party designated by the principal, precludes such principal in an action for commissions from asserting that the party negotiated with was not able to carry out the trade.

2. EVIDENCE—*when admission of secondary, will not reverse.* The admission of secondary evidence will not reverse where it is apparent that no harm was done.

Appeal from the Circuit Court of Edgar county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

SHEPHERD & TROGDON and H. S. TANNER, for appellants.

FRANK T. O'HAIR, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This action is brought by appellee to recover a commission from appellants for services rendered in obtaining a party who, it is alleged, was ready, willing, and able to execute a contract for the exchange of property according to the following proposition, given by appellants to appellee who was a real estate broker:

"Paris, Illinois, Feb. 8, 1909.

We make the following proposition to L. F. Nickey of Danville, Illinois. We will give our 800 acre plantation located in Washington county, Mississippi, and all personal property now on place (with the exception of hay) and $25,000.00 in cash for Mr. Nickey's apartment building, residence in rear of apartment buildings, one business block, and four 8 room residences with four lots in the rear. In this exchange we are to assume mortgage of $10,700 now on Nickey's property and Nickey is to assume mortgage of $8,000 now on plantation.

This proposition remains in force for a sufficient time to enable L. F. Nickey to investigate plantation.

Perkins & Wynn,    By J. W. Wynn."

The proposition was given to Ford, appellee, in order that he might negotiate the trade with Nickey. After receiving this proposition appellee sent it to Nickey at Poplar Bluffs, Mo., for the purpose of securing a trade of these properties.

After the proposition was submitted and before Nickey had investigated the property appellants had leased the plantation in Mississippi and placed considerable more personal property on the plantation than was there when the trade proposition was made. When Nickey visited the plantation

he found the tenant in possession; after returning he replied to the proposition made by appellants as follows:

"Poplar Bluffs, Mo., March 9, 1909.
Geo. Y. Perkins, Paris, Ill.

As per your original proposition, I accept. I keep possession of my property and rents until February nineteen and ten. You keep possession of plantation and rents to nineteen and ten. Answer and will meet you at my house and close deal fifteenth.

L. F. Nickey."

After Nickey's counter proposition was received, abstracts of title were exchanged, several telegrams were sent and received, and the parties met at Danville, March 15th, to consider the trade. The negotiations, however, failed to bring about a trade and the parties separated. On March 16, without further negotiations, Nickey sent the following telegram to appellants: "I hereby accept your original proposition of February 8, am ready to execute papers at once." In reply to this telegram appellants sent the following letter:

"Paris, Ill., Mr. 17, 1909.
L. F. Nickey, Danville, Illinois.

Your dispatch at hand and will say that contents are not entirely clear. When we left you Monday you told us very emphatically that you would not accept our first proposition without we took care of Mr. Holaday and got him off the place and we came home with that understanding and upon thorough consideration of the subject we have concluded that it would not be fair to him to oust him at this time of the year, and, as you do not give us any assurance that you will take care of him, or that you will take over any of the property that we have put on the place since that time, we feel that, so far as we are concerned, the deal is entirely off.

Please send us the papers and plat by express at our expense.

Yours truly,
Perkins & Wynn,
Per Ge. Y. Perkins."

Appellants insist that the reply made by Nickey to their

offer for a trade of properties, coupled with conditions, was a rejection of their offer; that after that time, they never renewed their offer, and at the time Nickey sent his telegram of March 15 no proposition was open for acceptance. Appellants also contend that there is no proof in the record showing Nickey to have been ready, willing, and able to consummate the trade.

Appellee, on the contrary, contends that the proposition was not withdrawn until the letter of March 17, after its acceptance by Nickey, and although counter propositions were made, which appellants rejected, negotiations were continued by appellants on the original proposition, which was accepted by Nickey before its withdrawal, and that by reason thereof, appellee is entitled to recover the commission sued for.

Upon the contention that the original proposition which appellants submitted in writing to appellee for presentation to Nickey was not accepted, but that Nickey came back with a counter proposition which amounted to a rejection of appellants' proposition, the fact that before Nickey had had a reasonable time in which to examine the plantation appellants placed a tenant upon these premises, also placed certain personal property thereon and entered into a contract with tenant for the occupancy of the premises, so changed the conditions that Nickey replied with his conditional acceptance and after the receipt of the counter proposition by appellants, conceding that it was a rejection of appellants' proposition, negotiations did not cease, but were continued for some time thereafter and appellants did not treat the counter proposition as rejection but continued through appellee in the negotiations with Nickey for an exchange of the properties as originally proposed, and after several attempts to effect an exchange and without a withdrawal of the proposition made by appellants, negotiations upon their original proposition were continued after Nickey had submitted his counter proposition and appellee having succeeded in inducing Nickey to accept the original proposition, the mere fact that a counter proposition was made and

that other negotiations were entered into regarding these properties, is immaterial as affecting the rights of appellee. Nickey accepted the proposition originally made and this he was induced to do through the efforts of appellee; this completed his services and entitled him to a commission.

On the contention that there is no showing that Nickey was able to carry out the proposition and make the exchange of lands, the negotiations with Nickey were begun by appellants before Ford's services were enlisted in the transaction. Nickey was selected by appellants as one with whom they desired to make a trade, and having selected their party and requested appellee to further negotiate with him to effect a trade which they desired, they cannot, as against appellee in an action to recover his commission, rely upon the defense that Nickey was not able to make the exchange.

It is insisted that the trial court erred in refusing to give to the jury instructions Nos. 1, 2, 3, and 4, as asked by appellants. Upon an examination of these instructions, we find they do not state the correct principles of law, and there was no error in refusing them. It is also insisted that the trial court erred in admitting as evidence the copy of the telegram sent by appellee to appellants on March 16th. While the correct rule is that the telegram filed with the telegraph company is the original telegram and is the best evidence, appellants admit they received a copy of the telegram which was delivered to the telegraph company, and a copy of which was admitted in evidence, and the error of the trial court in admitting the copy caused no harm to appellants and was not such an error as requires a reversal of the judgment.

The judgment below is affirmed.

*Affirmed.*